IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ALPHONSO VERNELL FRAZIER II, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:18CV539 |
| v. | ) | |
| | ) | |
| THE CITY OF OMAHA POLICE DEPARTMENT, OMAHA FIRE DEPARTMENT, DOUGLAS COUNTY ATTORNEY OFFICE, DONALD W. KLEINE, Individual and Official Capacity, JULIE MEDINA, Individual and Official Capacity, GARY B. RANDALL, Judge, Individual and Official Capacity, CRAIG Q. MCDERMOTT, Judge, Individual and Official Capacity, PETER C. JESSEN DDS, Dentist, Individual and Official Capacity, JENNIFER SIMMS, Individual and Official Capacity, and ANDREA MCCHESNEY, Attorney, Individual and Official Capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

# I. SUMMARY OF COMPLAINT

Plaintiff's 169-page Complaint[1]—144 pages of which purport to be notices, motions, informations, complaints, journal entries, and orders from both criminal and domestic court proceedings in Douglas County, Nebraska; arrest records, incident reports, and inmate request forms; letters from attorneys; utility bills issued to Plaintiff; and a list of "Psych Consults"—asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986, including 23 "Violations"[2] and 19 "Federal Violations."[3] At bottom, Plaintiff sues city and county entities, officials, and judges; his ex-wife; his ex-wife's employer/alleged lover; and his own divorce attorney for "executing a plan to drag [him] off to prison" to prevent Plaintiff from "advertising [his ex-wife's lover's] sexual fetish[] with [Plaintiff's ex-wife]" and to "help themselves to [his] assets." (Filing No. 1 at CM/ECF p. 22.)

As part of this "twisted revenge and extortion plot" (Filing No. 1 at CM/ECF p.

---

[1]The last 144 pages of Plaintiff's Complaint have been filed as "restricted" because a number of those pages contain unredacted social security numbers and birth dates, in violation of Fed. R. Civ. P. 5.2(a).

[2]These "violations," as stated by Plaintiff, are racial discrimination, invasion of privacy, abuse of power, defamation of character, harassment, false imprisonment, human trafficking, hate crime, bullying, extortion, illegal search and seizure, due process, intentional "inflection," emotional distress (tort of outrage), violation of the "Moroccan Treaty of Friendship," HIPPA violation, theft/burglary, child endangerment, intentional arson, false impersonation, malpractice, lack jurisdiction/acted out of jurisdiction, and malicious prosecution. (Filing No. 1 at CM/ECF p. 5.)

[3]The "federal violations" asserted by Plaintiff are violation of the Morocco-American Peace and Friendship Treaty of 1786-1787, illegal search and seizure, violation of the Sixth Amendment, racial discrimination, invasion of privacy, defamation of character, false police reports, harassment, human trafficking and slavery, false imprisonment, hate crime, bullying, extortion by government officers, violation of due process/equal protection, intentional infliction of emotional duress and distress under the First Amendment, HIPAA violation, theft by government officials, false impersonation by government official, and intentional arson by government official. (Filing No. 1 at CM/ECF pp. 15-22.)

3), Plaintiff alleges that false police reports were issued about him, leading to two arrests, one of which was without a warrant; during his arrests, Omaha police officers took personal items out of his home without a search warrant; a Douglas County Attorney falsely accused Plaintiff of depriving his son of "food, shelter, clothing etc. and engaging in prostitution and porn"; Plaintiff was falsely charged with terroristic threats, burglary, arson, stalking, and child abuse, all of which were ultimately dismissed; he was detained for 133 days in the Omaha Correctional Center ("OCC") awaiting trial; a Douglas County District Court Judge ordered that Plaintiff's marital residence be sold as part of divorce proceedings that occurred while Plaintiff was imprisoned; and Plaintiff's minor child was removed from his custody while he was detained in the OCC. (Filing No. 1 at CM/ECF pp. 5-15.)

Plaintiff requests relief in the form of $500 million, holding all Defendants criminally responsible, removing all Defendants from their official positions, unsealing his Douglas County criminal case "for educational purposes," receiving a public apology from the governor and mayor, and a "public announcement of the suit." (Filing No. 1 at CM/ECF pp. 23-24.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The most efficient way to analyze Plaintiff's unwieldy Complaint is to discuss the Defendants against whom Plaintiff has asserted a multitude of claims. As stated above, Plaintiff seeks to assert claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the following Defendants in their official and individual capacities—the City of Omaha Police Department; the City of Omaha Fire Department; the Douglas County Attorney's Office, along with county attorneys Donald W. Kleine and Julie L. Medina; Judges Gary B. Randall and Craig C. McDermott; Peter C. Jessen, DDS (Plaintiff's ex-wife's employer and alleged lover); Jennifer Simms (Plaintiff's ex-wife); and Andrea McChesney (Plaintiff's former divorce attorney).

**A. Defendants City of Omaha Police Department, City of Omaha Fire Department & Douglas County Attorneys' Office**

Plaintiff has failed to state a claim as to these Defendants because they are not suable entities. *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (§ 1983 action against county jail and county sheriff's department must be dismissed without prejudice because they are not legal entities subject to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)

(city police and paramedic departments were "not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government"); *Clayborne v. City of Lincoln*, No. 8:17CV481, 2018 WL 4915838, at *2 (D. Neb. Oct. 9, 2018) (§ 1983 claims against city police department must be dismissed without prejudice because department is not suable entity); *Cambara v. Schlote*, No. 8:14-CV-260, 2015 WL 5775766, at *3 (D. Neb. Sept. 30, 2015) (county attorney's office and city police department are not independent legal entities subject to suit).

### B. Defendants Judge Randall & Judge McDermott

#### 1. Official-Capacity Claims

According to the purported court documents attached to Plaintiff's Complaint, Judge Gary Randall is a judge of the District Court for Douglas County, and Judge McDermott is a judge for the County Court of Douglas County. Plaintiff seeks damages from these judges in their official and individual capacities.

As county and district court judges within the Nebraska Judicial Branch, Judges Randall and McDermott are state officials; therefore, Plaintiff's official-capacity claims are actually asserted against the State of Nebraska. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[a] suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state).

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the

5

state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims against Judges Randall and McDermott in their official capacities will be dismissed.

### **2. Individual-Capacity Claims**

Plaintiff's claims against Judges Randall and McDermott in their individual capacities are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (internal citations omitted).

An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id*. (internal citations omitted). Where the issue is a judge's immunity, a court is to broadly construe the scope of a judge's jurisdiction. "Thus, '[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Id*. at 373 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (internal quotation marks and citation omitted)).

Plaintiff's Complaint alleges only that Judges Randall and McDermott entered various judicial orders with which Plaintiff disagreed. He does not allege that the judges

acted outside the scope of their duties as members of the Nebraska judiciary. Accordingly, Judges Randall and McDermott are immune from suit and Plaintiff's claims against them in their individual capacities must be dismissed.

**C. Defendants Jessen, Simms, and McChesney**

Because Plaintiff does not allege that Defendants Peter Jessen, Jennifer Simms, and Andrea McChesney are "officials" of any kind, I shall construe Plaintiff's claims to be asserted against them in their individual capacities only.

In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege that an official acting under the color of state law violated rights guaranteed either by the Constitution or by federal statute." *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). In order for private citizens like Defendants Jessen, Simms, and McChesney to be acting under "color of state law," they must be "a willful participant in joint activity with the State or its agents" and must have "reached an understanding" with state officials to deny civil rights. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Plaintiff's overarching claim in this case is conspiracy—that is, that the Defendants "made a conscious and personal effort to play a major role in executing a plan to drag me off to prison . . . for the benefit of helping Dentist Peter C. Jessen keep me from advertising his sexual fetish[] with Jennifer Simms. . . . [T]he plot [was] to put me behind bars to silence me and help themselves to my assets." (Filing No. 1 at CM/ECF p. 22 (parentheses omitted).) Plaintiff alleges that the Defendants "took part in a two[-]year orchestrated Hate Crime against me. . . . in a twisted revenge and extortion plot targeting me and using me as the fall guy in the extortion scam that all derived behind trying to silence the sex secrets of a dentist and his mistress." (Filing No. 1 at CM/ECF p. 22 (parentheses omitted).)

At best, these claims are not "plausible," as required by *Twombly*, 550 U.S. at

7

569-70 and *Iqbal*, 556 U.S. at 678; at worst, these claims "are outlandish in nature and described in fantastic or delusional terms and are subject to dismissal," *Asbury v. Pai*, No. 3:18-CV-03005, 2018 WL 1110858, at *2 (W.D. Ark. Mar. 1, 2018) (citing 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). In any case, Plaintiff's conspiracy claim—whether it be under 42 U.S.C. § 1983[4] or § 1985[5]—cannot be characterized as "reaching an understanding" with state officials to deny civil rights. *Adickes*, 398 U.S. at 152.

---

[4] To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (citations omitted). As to private parties, "[t]he key inquiry is whether the private party was a willful participant in the corrupt conspiracy." *White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008).

[5] To state a section 1985(3) claim, the plaintiff must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). "[T]he conspiracy not only must have as its purpose the deprivation of equal protection of the laws, or of equal privileges and immunities under the laws, but also must be motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*. at 829 (quotation omitted).

Aside from his conspiracy allegations, Plaintiff's assertions that his attorney, Defendant Andrea McChesney, withdrew as his divorce attorney, "scolded" Plaintiff, and requested money for work she did not perform, do not constitute acting under "color of state law" for § 1983 purposes. *Bilal v. Kaplan*, 904 F.2d 14 (8th Cir. 1990) (conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of § 1983). This also holds true for Plaintiff's complaints that Defendants Simms and Jessen sought help from, and provided information to, the police in response to Plaintiff's actions. *Singh v. Hanuman*, No. CIV. 04-4512, 2004 WL 2807712, at *1 (D. Minn. Nov. 23, 2004) ("The mere furnishing of information to police officers or elicitation of police assistance does not rise to the level of joint activity for the purposes of holding a private citizen liable under § 1983." (internal quotation marks omitted)).

Therefore, Plaintiff's claims against these Defendants must be dismissed.

**D. Defendant Douglas County Attorneys Donald Kleine & Julie Medina**

Plaintiff sues Douglas County Attorneys Kleine and Medina in their official and individual capacities, alleging that Kleine ordered Omaha police officers to arrest him and steal property from his home and that Kleine was the "orchestrator of the crime that left [Plaintiff] detained, defamed, homeless." (Filing No. 1 at CM/ECF p. 23.) Plaintiff alleges that Defendant Medina formulated "the sickest lie that my son was being neglected from food, shelter, clothing etc. and engaging in prostitution and porn on my behalf" and falsely charged Plaintiff with felony child abuse, thereby slandering his minor son's name. (Filing No. 1 at CM/ECF pp. 12, 21-22.)

**1. Official-Capacity Claims**

Plaintiffs' claims against Defendants Kleine and Medina in their official capacities are actually claims against Douglas County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979,

986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

"Liability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 985 (8th Cir. 2016).

An official "policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646.[6]

Here, Plaintiff alleges that Douglas County officials orchestrated an elaborate

---

[6]Plaintiff does not make a failure-to-train claim here.

scheme targeting Plaintiff alone, not a "policy" or a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County. This is not enough to allege municipal liability. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (shortcomings in investigation of one case did not demonstrate continuing, widespread, or persistent pattern of misconduct; stating that "[a] single incident normally does not suffice to prove the existence of a municipal custom"); *Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 933 (8th Cir. 1991) (finding no "custom" when issue was school district's response to five incidents of unconstitutional misconduct by one teacher occurring over 16-year period; "five complaints scattered over sixteen years cannot, as a matter of law, be said to comprise a persistent and widespread pattern of unconstitutional misconduct. Viewed from the time at which they occurred, the alleged incidents are relatively isolated and thus, under *Monell*, are insufficient to give rise to Board liability"); *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1100 (D. Neb. 2015) (allegations of police misconduct during one investigation of one student not sufficient to allege continuing, widespread, persistent pattern of unconstitutional misconduct by City of Omaha police); *Bay v. Bay*, No. 5:11-CV-05256, 2013 WL 3582076, at *9 (W.D. Ark. July 12, 2013) (in case involving city police's investigation, search, seizure, arrest, and interrogation of plaintiff for alleged child sexual abuse, court found no "custom" for purposes of § 1983 municipal liability when plaintiff provided "no examples, other than his own, of citizen complaints about police misconduct"); *Youa Vang Lee v. Anderson*, No. CIV.07-1205, 2009 WL 1287832, at *7 (D. Minn. May 6, 2009), *aff'd sub nom*. *Lee v. Andersen*, 616 F.3d 803 (8th Cir. 2010) (city not liable under § 1983 for alleged failure to properly investigate one incident of police misconduct when "Plaintiff has not produced any evidence that Minneapolis failed to investigate previous incidents of police misconduct"); *Ward v. City of Des Moines*, 184 F. Supp. 2d 892, 897 (S.D. Iowa 2002) (single alleged excessive-force incident normally does not suffice to prove existence of municipal custom).

Therefore, Plaintiff has failed to state plausible claims for relief against Defendants Kleine and Medina in their official capacities.

**2. Individual-Capacity Claims**

Aside from Plaintiff's implausible claim that Kleine orchestrated a city-wide plan to silence Plaintiff regarding his ex-wife's alleged affair with Defendant Jessen in order to protect Jessen, Plaintiff alleges that Kleine and Medina should be held liable for ordering Plaintiff's arrest and initiating a prosecution against Plaintiff.

> Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.

*Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (internal quotation marks omitted) (citing *Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Forrester v. White*, 484 U.S. 219 (1988)).

The scope of a prosecutor's absolute immunity has been found to include actions associated with "the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process," *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003), even if the actions are "patently improper" or made "in a consciously malicious manner, or vindictively, or without adequate investigation, or in excess of [the prosecutor's] jurisdiction." *Williams v. Hartje*, 827 F.2d 1203, 1208-09 (8th Cir. 1987) ("The decision of a prosecutor to file criminal charges is within the set of core functions which is protected by absolute immunity.").

Because the actions for which Plaintiff seeks to hold Defendants Kleine and

Medina liable were prosecutorial functions undertaken pursuant to their official duties, they are entitled to absolute immunity from Plaintiff's claims.

**E. Other Claims**

Even if Plaintiff had sued the proper defendants, at least two of his claims would be barred.

### 1. Rooker-Feldman

Throughout his Complaint, Plaintiff alleges that the Defendant judges improperly ordered that his home be sold, his divorce be granted, his child be removed from his custody, and that Plaintiff be incarcerated while awaiting trial. In effect, Plaintiff requests "reversal" of the decisions of the County Court and District Court of Douglas County. Resolution of Plaintiff's claims in this court is barred by what is known as the *Rooker-Feldman* doctrine.

Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-*

*Feldman* doctrine); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction."; "The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Here, it is not possible for this court to grant the requested relief without disrupting the criminal and domestic decisions of the County and District Courts of Douglas County. Therefore, this court lacks subject-matter jurisdiction over this portion of Plaintiff's claims, and these claims must be dismissed. *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine barred district court from considering plaintiff's claim that state court unconstitutionally infringed his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought").

Because allowing Plaintiff to amend his Complaint as to these claims would be futile, the court will dismiss this portion of Plaintiff's Complaint for lack of subject matter jurisdiction and not allow further amendment as to these claims. *Mawhiney v. Warren Distribution, Inc.*, No. 8:05CV466, 2007 WL 188713, at *2 (D. Neb. Jan. 22, 2007) (denying leave to amend as futile when consideration of plaintiff's claims was barred by *Rooker-Feldman* doctrine); *Ellis v. City of Minneapolis*, No. CIV. 12-57, 2012 WL 4449850, at *2 (D. Minn. Sept. 26, 2012), *aff'd*, 518 F. App'x 502 (8th Cir. 2013) (amendment of complaint would have been futile when claims were barred in part by *Rooker-Feldman* doctrine).

## 2. Request that Defendants be Criminally Charged

Plaintiff requests that all Defendants be criminally charged for their actions in the above-described conspiracy and that they be "remove[d] from their position of power." (Filing No. 1 at CM/ECF p. 23.) Such claims are subject to dismissal because "[a] private citizen has no right to institute criminal prosecution." *Asbury v. Pai*, No. 3:18-CV-03005, 2018 WL 1110858, at *2 (W.D. Ark. Mar. 1, 2018) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

## F. Leave to Amend Complaint

After thorough review of Plaintiff's Complaint, the only viable claims Plaintiff may have are against *named* Omaha police officers, in their individual capacities, who allegedly arrested Plaintiff without a warrant and unreasonably seized items from his home on January 16 and February 3, 2017, in violation of the Fourth Amendment. (Filing No. 1 at CM/ECF ¶¶ 47, 57.) I shall grant Plaintiff leave to file an Amended Complaint which asserts these claims, *and only these claims*. Plaintiff shall not name as defendants any of the Defendants discussed above who will be dismissed from this action.

Accordingly,

IT IS ORDERED:

1. All Defendants are dismissed from this action for the reasons discussed above.

2. Plaintiff is granted leave to file an Amended Complaint against *named* Omaha police officers, in their individual capacities, who allegedly arrested Plaintiff

without a warrant and unreasonably seized items from his home on January 16 and February 3, 2017, in violation of the Fourth Amendment. Plaintiff's Amended Complaint shall assert *only these claims*. Plaintiff shall not assert claims against any of the Defendants discussed above who have already been dismissed from this action. Plaintiff's Amended Complaint shall contain specific, detailed, and truthful factual allegations establishing that the named Defendants personally violated the Plaintiff's Fourth Amendment rights and how they did so. Plaintiff's Amended Complaint shall supersede his original Complaint and shall not contain attachments.

3. Plaintiff shall have until **March 15, 2019**, to file an Amended Complaint in accordance with this Memorandum and Order. Failure to file an Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. Once Plaintiff's Amended Complaint is filed, the court will conduct initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: March 15, 2019—check for amended complaint.

6. In order to retain consistency throughout the Complaint, the Clerk of the Court shall correct the spelling of the following parties' names in the case caption: Plaintiff "Fraizer" shall be changed to "Frazier," and Defendant "Kliene" shall be changed to "Kleine."

DATED this 13th day of February, 2019.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge