# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALPHONSO VERNELL FRAZIER II, | ) ) ) | 8:18CV539 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| THE CITY OF OMAHA POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

   This matter is before the court on its own motion. On February 13, 2019, after an extensive initial review of the Plaintiff's 169-page Complaint[1], the court dismissed

---

[1] As stated in the court's initial review, Plaintiff's lawsuit can be described as follows:

   Plaintiff sues city and county entities, officials, and judges; his ex-wife; his ex-wife's employer/alleged lover; and his own divorce attorney for "executing a plan to drag [him] off to prison" to prevent Plaintiff from "advertising [his ex-wife's lover's] sexual fetish[] with [Plaintiff's ex-wife]" and to "help themselves to [his] assets." (Filing No. 1 at CM/ECF p. 22.)

   As part of this "twisted revenge and extortion plot" (Filing No. 1 at CM/ECF p. 3), Plaintiff alleges that false police reports were issued about him, leading to two arrests, one of which was without a warrant; during his arrests, Omaha police officers took personal items out of his home without a search warrant; a Douglas County Attorney falsely accused Plaintiff of depriving his son of "food, shelter, clothing etc. and engaging in prostitution and porn"; Plaintiff was falsely charged with terroristic threats, burglary, arson, stalking, and child abuse, all of which were ultimately dismissed; he was detained for 133 days in the Omaha Correctional Center ("OCC") awaiting trial; a Douglas County District

"[a]ll Defendants" against which Plaintiff had asserted claims and ordered Plaintiff to amend his Complaint as follows:

> Plaintiff is granted leave to file an Amended Complaint against *named* Omaha police officers, in their individual capacities, who allegedly arrested Plaintiff without a warrant and unreasonably seized items from his home on January 16 and February 3, 2017, in violation of the Fourth Amendment. Plaintiff's Amended Complaint shall assert *only these claims*. Plaintiff shall not assert claims against any of the Defendants discussed above who have already been dismissed from this action. Plaintiff's Amended Complaint shall contain specific, detailed, and truthful factual allegations establishing that the named Defendants personally violated the Plaintiff's Fourth Amendment rights and how they did so. Plaintiff's Amended Complaint shall supersede his original Complaint and shall not contain attachments.

(Filing No. 6 at CM/ECF pp. 15-16.) Plaintiff was warned that "[f]ailure to file an Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff." (Filing No. 6 at CM/ECF p. 16.)

Instead of filing an amended complaint as directed, Plaintiff has filed a "Response" that: (1) declares his allegiance to "The Laws of the Land and the By Laws of the Moorish American Government"; (2) demands access to "all material evidence used to support the demands requested" in the court's order because without such evidence, the court's order "is merely speculation"; (3) accuses the court of attempting "to assassinate the character of the Plaintiff" when the court characterized

---

Court Judge ordered that Plaintiff's marital residence be sold as part of divorce proceedings that occurred while Plaintiff was imprisoned; and Plaintiff's minor child was removed from his custody while he was detained in the OCC. (Filing No. 1 at CM/ECF pp. 5-15.)

(Filing No. 6 at CM/ECF pp. 2-3.)

as "[a]t best . . . not 'plausible'" and "at worst . . . 'outlandish in nature and described in fantastic or delusional terms'" Plaintiff's claim that Defendants "took part in a two[-]year orchestrated Hate Crime against me. . . . in a twisted revenge and extortion plot targeting me and using me as the fall guy in the extortion scam that all derived behind trying to silence the sex secrets of a dentist and his mistress" and "made a conscious and personal effort to play a major role in executing a plan to drag me off to prison . . . for the benefit of helping Dentist Peter C. Jessen keep me from advertising his sexual fetish[] with Jennifer Simms. . . . [T]he plot [was] to put me behind bars to silence me and help themselves to my assets."[2]; (4) asks what Defendants have been dismissed; (5) questions whether the court's order to omit attachments from his amended complaint is "an unsophisticated and malicious attempt to sabotage case and its evidence"; (6) states that "summary dismissal is **not** appropriate under 28 U.S.C. § 1915 without a discovery of evidence"; (7) notes that "[n]o pre-trial was set allowing each party . . . to obtain evidence"; and (8) accuses the court of issuing a "gag order" by restricting access to attachments Plaintiff filed with his Complaint because they contain unredacted social security numbers and birth dates in violation of Fed. R. Civ. P. 5.2(a). (Filing No. 7.)

I shall dismiss Plaintiff's case because Plaintiff failed to follow the court's order to file an amended complaint consistent with the court's clear directions in its previous Memorandum and Order (Filing No. 6). *See Tyler v. City of Omaha*, 780 F. Supp. 1266, 1275 (D. Neb. 1991), *remanded without opinion*, 953 F.2d 648 (8th Cir. 1991) (table) (recommending dismissal of pro se amended complaint that did not remedy failings noted in order on initial review of original complaint; dismissal "is warranted as plaintiff has received full notice of the insufficiency of []his claims and received a meaningful opportunity to respond through the invitation to file an amended complaint in order to remedy the noted failings," but failed to do so);

---

[2]The language describing Plaintiff's claims is taken verbatim from Plaintiff's Complaint (Filing No. 1 at CM/ECF p. 22) and was quoted in the court's February 13, 2019, order. (Filing No. 6 at CM/ECF p. 7.)

Nebraska General Rule 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules."); 9 Charles A. Wright, et al., *Federal Practice and Procedure* § 2369 (3d ed. 2019) ("pro se plaintiffs are fully responsible for compliance with court orders, rules, and schedules").[3]

Accordingly,

---

[3]In answer to Plaintiff's arguments in his "Response" to the court's Order granting Plaintiff permission to file an amended complaint: (1) the court's "speculation" is called initial review pursuant to 28 U.S.C. § 1915(e)(2)(B); (2) initial review involves determining whether a plaintiff's claims are frivolous, malicious, or fail to state a claim upon which relief may be granted, which requires analyzing whether the claims are plausible and whether the claims are "clearly baseless" or "fantastic or delusional," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); 28 U.S.C. § 1915(e)(2)(B) (*requiring* court to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted"); (3) the court clearly and repeatedly advised Plaintiff in its February 13, 2019, Memorandum and Order (Filing No. 6) that "all Defendants" were being dismissed and that Plaintiff was being given leave to assert Fourth Amendment claims regarding his allegedly warrantless arrest and the unreasonable seizure of items from Plaintiff's home on January 16 and February 3, 2017, against named Defendants who took such actions; (4) the court's order to omit attachments from his amended complaint is not "an unsophisticated and malicious attempt to sabotage case and its evidence," but an effort to force Plaintiff to comply with Fed. R. Civ. P. 8, which *requires* that claims for relief "contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief" (emphasis added); (5) initial review under 28 U.S.C. § 1915 takes place *before* discovery; (6) pro se cases are exempt from the disclosure and conference requirements of Fed. R. Civ. P. 26, *see* Nebraska Civil Rule 16.1(c) ("Pro se cases assigned to a district judge for trial that are pending or filed after August 6, 2007, are exempt from the disclosure and conference requirements of Federal Rule of Civil Procedure 26. Unless otherwise ordered by the court, no scheduling orders will be entered in those cases."); and (7) the court was authorized by Fed. R. Civ. P. 5.2 to restrict access to attachments to Plaintiff's Complaint that contain unredacted social security numbers and birth dates.

IT IS ORDERED:

1.     This case is dismissed without prejudice for failure to prosecute this matter diligently and for failure to comply with this court's orders; and

2.     Judgment shall be entered by separate document.

DATED this 23rd day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge